Our fifth case this morning is United States v. Tremayne Dozier. In 2006, Mr. Dozier pled guilty in a Texas trial court to a state jail felony. With that pleading, he was afforded the opportunity to withdraw his plea if the court wanted to sentence him to more than one year in prison. The Texas court informed him and made a binding finding on itself that in the interest of justice it would sentence him to 12 months or less. As such, he was never able to be sentenced to more than one year in prison. If the Texas court had sentenced him to more than one year in prison, it would have been a reversible error under Texas law, and he also would have had the opportunity to withdraw his plea if they had retained the option. As a result, this case is governed by two Supreme Court precedents and one case from the Seventh Circuit, Carachuri-Rosendo, which was a 2010 case, and a Manriquez case, which was from a few years before in the Supreme Court, and Lockett, all of which said that this court and district courts should look directly to the record of conviction when determining how long the sentencing court could have sentenced the defendant. At the district court level, those cases also rejected a hypothetical approach. That actually cleared up a question and it cleared up a circuit split where the Sixth Circuit had previously held exactly that, but this court, the Fourth Circuit, the Eighth Circuit, and the Ninth Circuit, among others, had held differently. The Fifth Circuit had also held differently. All of those courts had said that the charging decision and hypothetical defendants determined what a defendant could have faced at sentencing. The Supreme Court, this court, everyone has been clear that the actual defendant and the actual potential sentence is the determining factor. Perhaps the only court that has not entered a published opinion interpreting Carachuri-Rosendo is the Fifth Circuit. As a result, there is still this remaining state jail felony versus misdemeanor punishment dichotomy coming out of the Fifth Circuit, and which has found itself here in this court. As I understand the Texas law, this procedure, statutory procedure that permits the judge in his discretion pursuant to a legal standard to conclude that only a misdemeanor penalty is warranted doesn't operate to convert the crime from the state jail felony punishable by two years. It's still a state jail felony punishable by two years. He's just making a discretionary determination that the case warrants only a misdemeanor amount of punishment less than one year. But the nature of the conviction doesn't change. And the fact that if the judge changes his mind at sentencing, that the defendant is entitled to withdraw the plea doesn't alter the nature of the conviction in question. And what we're looking at is the conviction. Well, I would disagree with some of those characteristics. The offensive conviction. So he's not convicted of a misdemeanor. He's convicted of a two-year felony. Well, he was convicted of certain conduct, and I would agree with that. No, he was convicted of a two-year felony. That's not how we speak of convictions. Well, he wasn't convicted until a judge entered an order on his plea. Convicting him of the two-year state jail felony. Correct? Two-year state jail felony conduct. The statutory citation didn't change. He was convicted of the two-year state jail felony. Punishment for misdemeanor under the misdemeanor code. Right, that's just a discretionary determination about what level of punishment is warranted as permitted by state law. But it doesn't change the offensive conviction. It's still a state jail felony. Well, if the discretionary decisions and the findings had not been made, the judge in Texas would have informed him of such, and he would have had an opportunity before a finding on the plea to take it back. Understood, but that doesn't change the nature of the offensive conviction. It's still a two-year state jail felony. Well, he knew he was pleading to a felony offense, didn't he? He did not understand himself to be pleading to an offense punishable by more than one year. I think he knew he was pleading to certain conduct, but the misdemeanor punishments dictated that he could only be sentenced to 12 months or less, You don't plead to conduct. You plead to charges and admit conduct. Well, the plea wasn't accepted, though. The plea to the state jail felony was accepted, and he was convicted of that state jail felony, and the judge exercised his discretion pursuant to the negotiation to impose only the misdemeanor duration of punishment. Well, Your Honor, as I see it in the record, the plea, there was no finding entered on the plea until there was a decision made on the 12.44 penalty, but if you see it differently, Your Honor. Ms. Melisa, let me ask you, I want to take this in a couple of steps. First of all, how would your reasoning apply to a federal guilty plea where the parties stipulated that the guidelines would produce a range of less than one year of punishment? You mean like a C agreement, Your Honor? That's my next step. First, let's just take a plea agreement with a stipulation about the guidelines to less than a year in prison, but it's a statute that theoretically, at least, would allow punishment of more than one year in prison. I actually think that that situation is not applicable to this one, specifically for two reasons. One, it is the ability to withdraw a plea before a finding is made on that agreement. I also think it doesn't apply, and even a C agreement scenario would not apply. That's my next question, yes. Because in this circumstance, you've discussed an agreement between the two parties. I'm talking, and Mr. Dozier pled in Texas, with a circumstance where the statutory options for the sentencing judge are limited based on the specific finding. So if the judge in federal court, I guess the parties could raise an agreement that certain statutes do not apply, and so certain sentencing ranges are not available. In that circumstance, I would think it's very similar to a C agreement. But in Mr. Dozier's case, simply put, the judge made a necessary finding, a binding finding, that had real consequences. Otherwise, there's no need for the finding, and the judge could have just said, I'm going to give you nine months, which is what happened here, without having made a finding. So explain to me again whether you think your reasoning would apply to a federal 11C1C plea for, let's say, a nine-month sentence. Because that's presented to the judge, take it or leave it, right? Yes. And if you accept it as the judge, you're bound by the terms of that agreement to sentence according to it. Does that fall within the logic of your argument or not? Frankly, no, because the statutory range does not change with the C agreement, or at least I'm not aware of that ever happening. It does not. The statutory range does not change with the C agreement, and I think that in this Texas scenario, the statutory options in the range does change. Okay. Thank you. The United States argues that when charged, he was exposed to this length of time. But that argument to a more than one-year sentence, that argument is pretty much exactly the argument made in Rivera and Casado from the Fifth Circuit and in Perkins, a 2006 case before this court. Perkins itself, though, was overruled by Lockett, which cited Manriquez and Carachirio-Rosendo. Unless the court has any questions, I deserve the rest of the rebuttal. Thank you. Ms. Boyle. Good morning or good afternoon, Your Honors, and may it please the court. My name is Catherine Boyle on behalf of the United States. Judge Sykes, I think you hit on what, for the government, is one of the most salient points here, which is this is just a discretionary determination that the defendant only warrants punishment of less than one year. That doesn't mean that he wasn't exposed to a possible punishment of more than one year. The statutes and relevant case law here fully support the district court's decision and require affirmance by this court. Mr. Dozier's prior conviction for cocaine possession, a Texas state jail felony, qualified as a felony drug offense under the plain language of Section 802.44 because it was punishable by a term of imprisonment of more than one year. What does the state judgment of conviction say? The state judgment of conviction says that he was convicted of a state jail felony, but the punishment was reduced to a misdemeanor. What statute was he convicted under? He was convicted under, it was, well... What was the substantive statute? The substantive statute was under the Texas Health and Safety Code, 481.115. And the state jail felony, that shows that it's a state jail felony, and under the Texas Penal Code, Section 12.35, a state jail felony is punishable by six months to two years of imprisonment. So 481.115 is the statutory citation for the offense of conviction that appears on the judgment. I believe so, Your Honor. It is the statute referenced in the complaint, and I am nearly certain it also appears on the indictment. He was convicted. It is the statute being referenced in the indictment when it says he's being convicted of a state jail felony. I assume Texas judgments of conviction state... Yes, Your Honor. ...the offense of conviction in particular terms. Yes, Your Honor. It's clear that that is the offense they're referencing. So, Ms. Boyle, could we compare this to the hypothetical that is in the Fourth Circuit's opinion in Valdivino's? It deals with a similar sort of subject. Defendant is charged with a low-level felony and pleads to a high-level misdemeanor. You would agree, I take it, that in that situation, the defendant does not have a felony conviction, right? Yes, Your Honor, if he's convicted of a misdemeanor. He was exposed at charging to a higher penalty, right? Yes, Your Honor. Okay. Why is this different other than just labels? Well, Your Honor, I think one difference you can look at here is we not only have the option for sentencing under 1244A, there is another option under 1244B where the prosecutor can move to prosecute the state jail felony as a misdemeanor. And in that case, the defendant would then be convicted of a misdemeanor. That's not what happened here. They proceeded under 1244A, which leaves the defendant, Mr. Dozier, convicted of a state jail felony. I think the right answer is that what counts for federal law purposes and what we're talking about is whether this qualifies under the federal statute as a conviction for a felony drug offense is what offense the defendant was actually convicted of. So in the plea bargain where a lesser offense is agreed to by plea bargain and that's what the defendant is convicted of, in fact, the defendant is convicted of a misdemeanor offense and not a felony, then it takes it outside of the federal statutory definition. It doesn't matter what the exposure was in an abstract sense. What matters is what offense the defendant was convicted of and what punishment that carried, whether or not the full extent of it was imposed. And what I see on the judgment is degree convicted of state jail, no mention of felony, degree punishment reduced to Class A misdemeanor. Yes, Your Honor. I believe state jail is referencing the state jail felony on the judgment. Yet does the word felony appear? Well, Your Honor, under 1244A, that means the defendant is convicted of a state jail felony. That 1244A doesn't allow for conviction as a misdemeanor. It allows for punishment as a misdemeanor. So I think the reference, even that the sentence is reduced under 1244A, still shows that the defendant was convicted of a felony. Would this be enough to convict him of being a felon in possession? Well, Your Honor. Or to prevent him from voting or anything else? Under Texas law, as I understand this, it also would have been possible just to agree to a nine-month sentence even under 1244 or without the 1244 adjustment, right? That's correct, Your Honor. And yet, so what did he get by the 1244 finding? So that's an interesting question, and I looked into this a little bit for oral argument. To take the first piece of it, I believe United States v. Dixon, which is a Fifth Circuit case, addresses your specific question as to whether this punishment as a misdemeanor would still qualify as a prior felony conviction for purposes of a 922G charge, and it would. How old is Dixon? Dixon is in the 2000s, and I believe it was 2018. Okay. It's non-precedential? Yes, Your Honor. I believe it's unpublished. Yeah. Do we have anything precedential from the Fifth Circuit on any of these questions? Yes, Your Honor. We have a case. After Curachuros. Pardon? After Curachuros. Karachuri, sorry. Yes, Your Honor. Karachuri was 2010. I believe most of it is unpublished at that point. However, I don't believe Karachuri. Karachuri involves a very different situation. That's a case where there was a question. The defendant in that case never faced a sentence of more than one year of imprisonment because he was never charged under this alternate federal statute where he would have faced more than a year of imprisonment. So that is very unlike Mr. Dozier's case where Mr. Dozier was charged with a state jail felony. So Mr. Dozier, in fact, was facing more than a year of imprisonment and, as Judge Sykes noted, was, more importantly, convicted of a crime that was punishable by more than a year of imprisonment. Your Honor, Judge Hamilton, before I forget, I do want to turn back to your question about what the possible benefit could be. This is not part of the record, but I was curious, in light of Dixon, reasons for choosing a nine-month sentence when you could do that sentence under sort of either statutory regime for punishment. And some local Texas law firm websites do indicate that if you are convicted of the misdemeanor, you can serve your term in county jail versus a state jail facility, and you also potentially could get different good time credits. So that may explain it partially. Does Texas disenfranchise felons? That is a good question, Your Honor. Does Texas prohibit felons from possessing firearms? Does it have a 922g1 offense? Your Honor, I'm happy to submit further. Texas, maybe not. I don't know. It's possible. I assume they have some sort of a felon in possession offense. There must be some state case law about whether a conviction under this regime, state jail felony with the 1244 misdemeanor punishment, counts for state dispossession purposes and state disenfranchisement purposes. Yes, Your Honor, and I'm happy to look into that and submit an additional briefing, but I'd be hesitant to comment right now. We'll let you know. Thank you. So, Your Honors, it's the position of the United States that here the Fifth Circuit has already concluded that a Texas state jail felony that, like Mr. Doziers, is punished as a misdemeanor under 1244A, is still punishable by a term of more than the— It has done so in a non-presidential opinion, correct? Yes, Your Honor. Okay. Well, post Karachuri, Your Honor. Did it address Karachuri? I believe it did not directly address it. And did the briefing address Karachuri? The defendant tells us that it did, and the Fifth Circuit's order did not address it. I believe that's correct, Your Honor. Okay. I don't recall seeing the Fifth Circuit case discussing Karachuri, although— So why—given—this is a—seems like a question of labels and metaphysics. We've had our earlier metaphysical exercises with liens and springing liens and priorities and so on, but I would think in a situation like this there'd be a pretty good argument to take the rule of lenity and say before we impose these much more severe criminal penalties on somebody, we ought to have more clarity than we have in what Texas law provides us here. As I say, I look at the judgment and I don't see the word felony. Well, Your Honor, I believe I may be out of time. You do have to answer his question. Thank you, Your Honor. Your Honor, I believe this—we can look to this court's opinion in first offender probation cases where a defendant was convicted of a crime punishable by a safe. I think in one of the cases it was four to 15 years of imprisonment, four years being a minimum, and the state court instead chose to impose punishment under an alternate first offender statute. And in that case, this court has held that those convictions still qualify as a predicate offense under 802.44. So I think that would answer your question, that this court has decided in such a situation that that is how we would interpret the law as to the statute of conviction rather than punishment. Notably, 802.44 does not say punished. It says punishable.  Thank you, Your Honor. If I may briefly raise just a few more points or a few points in response to some of the questions I heard in the United States argument, it's important to recall that the conduct and the charging decisions are not dispositive here. It's what were the sentencing court's options. And somewhat to your points, Judge Sykes, the conduct and what he was convicted of, that statute, the 41.115, that was conduct. The sentencing statute is 12.44, and that's what the judge, through its binding finding, gave herself the opportunity to use. We recognize this even in this very case where under Section 841A, we have the conduct for a controlled substances act violation, but it's 841B in federal court that has the sentencing. So I'd say there's separate statutory provisions, and that's what's very important about the judge's sentencing ranges. And unless the court has any other questions, I have no further points. All right. Our thanks to both counsel. The case is taken under advisement.